FILED

JAN 0 9 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRADLEY K. STEVENS, | Cause No. CV 18-01-BU-BMM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| WARDEN MCTIGHE, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On December 28, 2017, Petitioner Bradley K. Stevens, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Stevens is a state prisoner proceeding pro se.

I.   **Procedural History**

Stevens previously filed a petition in this Court advancing a due process violation based upon the delay that occurred in the Butter-Silverbow County District Court between his plea of guilty to one count of Theft and his sentencing hearing. That petition was dismissed without prejudice as unexhausted. *See Stevens v. Skuletich*, CV-17-53-BU-BMM-JCL, Or. of Dismissal (D. Mont. Oct. 18, 2017).

On September 21, 2017, Stevens was sentenced for the Theft to a 3-year

1

prison term. The sentence was ordered to run consecutively to sentences Stevens was already serving. (Doc. 1 at 2-3).

Following his sentencing hearing and the denial of his initial federal petition, Stevens filed two state habeas petitions. *Id.* at 3, ¶6; 4, ¶12; 5, ¶13(A)(iii). In the first state petition, Stevens alleged he was illegally incarcerated prior to his sentencing in the Butte-Silverbow matter. The Montana Supreme Court held that, although Stevens received a three years sentence for the Theft conviction, he was not entitled to relief because the trial court credited him 616 days of time served prior to entry of the written judgment. *See Stevens v. Fletcher*, OP 17-0638, Or. at 1 (Mont. Nov. 7, 2017). Because Stevens received a lawful sentence, he was not entitled to habeas relief. *Id.* at 1-2. The petition was denied.

In his second state petition, Stevens alleged four separate due process violations had occurred: (1) he was unjustly held in the Butte-Silverbow County jail for 495 days awaiting sentencing; (2) he was not provided a copy of the written judgment; (3) he was not provided an application for sentence review; and, (4) these violations taken together undermined the overall fairness of the proceedings against him. *See Stevens v. Fletcher*, OP 17-0743, Or. at 1 (Mont. January. 2, 2018). The Court denied Stevens's second petition. It noted that it had previously determined the trial court properly awarded Stevens credit for all the time he had served prior to sentencing. *Id.* at 1-2, citing *Stevens v. Fletcher, No. OP 17-0638,*

2

Or. (Mont. Nov. 7, 2017). Further, Stevens failed to demonstrate a due process violation that would call into question the legality of his incarceration under the Butte-Silverbow judgment; thus, habeas relief was unavailable to Stevens. *Id.* at 2. The Court directed the Clerk to provide Stevens with a copy of the trial court's written judgment.[1]

## II. Stevens's Claims

Stevens claims: (1) his right to Due Process was violated based upon the 493 days he spent in the Butte-Silverbow County Jail following his change of plea hearing in May of 2016 until his sentencing hearing on September 21, 2017, (Doc. 1 at 4, ¶13(A)(i)); and (2) his right to Due Process was violated because he did not receive the paperwork to apply for review of his sentence with the Montana Sentence Review Division and now he has missed the deadline to apply for such review. *Id.* at 5, ¶13(B)(i). Stevens asks this Court to dismiss the Theft conviction with prejudice and have his sentence adjusted by the Montana Prison Records Department. *Id.* at 7, ¶16.

## III. Analysis

Although there remains some question as to whether or not Mr. Stevens has

---

[1] The Court's Order did not address Mr. Stevens's claim relative to the denial of Sentence Review Division paperwork or direct that he be provided the same. *Stevens v. Fletcher*, OP 17-0743, Or. at 2.

3

properly exhausted both of the claims he now advances, as discussed below, the petition should nonetheless be denied for lack of merit.

### i. Sentencing Delay

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n. 7 (2000). Under Section 2254(d), a state prisoner whose claim has been "adjudicated on the merits" cannot obtain federal habeas relief unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See also, *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2).").

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (internal quotation marks

4

omitted). The standard is "difficult to meet," and a "petitioner carries the burden of proof." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (internal quotation marks omitted). Because Stevens has not overcome his burden under this highly deferential standard, this Court must give deference to the Montana Supreme Court's denial of the claim.

The United States Supreme Court has held there is no right to a "speedy sentencing" under the federal constitution. "[T]he [speedy trial] guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016). "As a measure protecting the presumptively innocent, the speedy trial right- like other similarly aimed measures- loses force upon conviction." *Id.* at 1614. In dicta, however, Justice Sotomayor observed "[f]or inordinate delay in sentence, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Id.* at 1612. Thus, Justice Sotomayor stressed that the question of a potential due process right for sentencing delay was "an open one." *Id.* at 1619.

Despite the dicta of Sotomayor's concurrence, at this point in time, there is no clearly recognized federal due process claim for unreasonable sentencing delay.

5

Stevens cannot argue that the Montana Supreme Court misapprehended or misapplied Supreme Court law, or even that he was denied a right to which he was entitled, because no such right has been clearly established. *See* 28 U.S.C. § 2254(a). Stevens has not advanced a cognizable claim in federal habeas, but even assuming he had, this Court is required to give deference to the state court's denial of his claim. The claim should be denied as meritless.

### ii. Denial of Sentence Review Paperwork

Although Stevens believes he has exhausted this claim, he gives no indication that he has attempted to contact the trial court or the Sentence Review Division to obtain the paperwork he seeks. *See generally* (Doc. 1 at 5-6). As set forth above, the Montana Supreme Court denied Stevens's entire habeas petition in which he raised this claim, but it did not address the claim itself. *Supra* at n. 1.

But even assuming that Stevens's claim is properly exhausted, he is not entitled to the relief he seeks. The Sentence Review Division (SRD) is an entity created by statute. *See* Mont. Code Ann. §46-18-901, et. seq. While a sentence imposed by a Montana state court is presumed to be correct, the three-member SRD panel may review the sentence to determine whether it is clearly inadequate or clearly excessive and may modify the sentence accordingly. *See* MCA §46-18-904. Upon imposition of a custodial term of one year or more upon an individual, the clerk of district court is to provide written notice of the right to make a request

for review of the sentence to the sentenced individual and to his or her attorney. MCA §46-18-903(1). While an individual generally has 60 days from the imposition of sentence to apply for such review, the review division "may for cause shown consider any late request for review of sentence and may grant or deny the request." MCA §46-18-903(3).

A writ of habeas corpus under 28 U.S.C. §2254 is available only on the basis of a violation of federal law binding on the state courts, not for alleged errors in the interpretation or application of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Generally state sentencing matters are not cognizable in federal habeas. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was so arbitrary or capricious as to constitute an independent due process violation." *Richmond v. Lewis*, 560 U.S. 40, 50 (1992). Thus, even if Stevens was, in fact, denied the pertinent paperwork, because he does not have a federal constitutional right to review of his state sentence. Moreover because he has wholly failed to demonstrate fundamental unfairness resulting from the alleged denial of the paperwork, Stevens's second claim must fail. Stevens's petition should be denied in its entirety for lack of merit.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Stevens has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings in this Court at this time. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be **DENIED** for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stevens may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Stevens must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 9th day of January, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Stevens is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.