# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BRADLEY K. STEVENS,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN MCTIGHE, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | CV-18-01-BU-BMM<br><br>**ORDER** |

Petitioner Bradley Stevens (Stevens) has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Stevens is a state prisoner proceeding *pro* se.

## BACKGROUND

Stevens pleaded guilty to felony theft in Montana's Second Judicial District Court, Silver Bow County on May 16, 2016. The state court placed Stevens in custody at the Butte-Silver Bow County Jail pending his sentencing hearing. The state court sentenced Stevens on September 21, 2017. The state court sentenced Stevens to three years in the Montana State Prison. The state court ordered that the sentence run consecutive to the ten-year sentence that Stevens had received in the Montana Twentieth Judicial District Court, Lake County in Cause DC-02-04. The state court gave Stevens credit for the 616 days that he had served in custody

pending his sentencing. See *Stevens v. Fletcher*, 2017 WL 5243264 at 1 (Mont. Nov. 7, 2017).

Stevens filed a habeas petition in this Court on August 10, 2017. *See Stevens v. Skuletich*, CV 17-53-BU-BMM. Stevens alleged that his lengthy pre-sentence incarceration violated his constitutional right to due process. This Court denied the petition without prejudice because Stevens had failed to exhaust his state court remedies. *Stevens v. Skuletich*, Doc. 14 at 2.

Stevens filed two state habeas petitions following the dismissal of his federal habeas petition. (See Doc. 3 at 2-3). Stevens alleged in his first petition that he was illegally incarcerated prior to his sentencing hearing. Stevens alleged in his second petition that his lengthy pre-sentence incarceration violated his constitutional rights to due process. *Id*. The Montana Supreme Court denied both petitions. *Id*. The Montana Supreme Court determined that Stevens's sentence was lawful given that he had been awarded credit for all of the time he had served prior to his sentencing. See *Stevens v. Fletcher*, 2017 WL 5243264 at 1. The Montana Supreme Court further determined that Stevens had failed to demonstrate a due process violation. (See Doc. 3 at 2-3).

Stevens filed the present action on December 28, 2017. Stevens alleges that the Defendants violated his constitutional right to due process in two ways. Stevens

first alleges, as he did in state court, that the Defendants violated his right to due process by failing to conduct his sentencing hearing in a timely manner after his change of plea hearing. (Doc. 1 at 4). Stevens alleges that the 493 days he spent in custody between his change of plea hearing and his sentencing was excessive. Stevens next alleges that the Defendants violated his due process rights by failing to provide the paperwork that he needed to apply for a sentence review before the Montana Sentence Review Division. (Doc. 1 at 5). Stevens requests that this Court dismiss his theft conviction with prejudice and direct the Records Department at the Montana State Prison to "adjust[]" his sentence. (Doc. 1 at 7).

Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on January 9, 2018. (Doc. 3). Judge Lynch recommended that Stevens's petition be dismissed. (Doc. 3 at 5). Stevens filed an objection on January 29, 2018. (Doc. 4).

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed Judge Lynch's Findings and Recommendations *de novo*. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

### DISCUSSION

a. **Sentencing Delay**

A state prisoner whose habeas claim has been "adjudicated on the merits" by a state court cannot obtain federal habeas relief unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010).

This Court must give deference to the Montana Supreme Court's denial of Stevens's habeas claim based upon a delay in sentencing. The Montana Supreme Court did not misapprehend or misapply established federal law when it denied Stevens's habeas petition based upon his failure to show a due process violation. No due process claim for unreasonable sentencing delay clearly exists under federal law at this time. See *Betterman v. Montana*, 136 S. Ct. 1609, 1619 (2016).

b. **Denial of Sentence Review Paperwork**

Montana law requires the clerk of a state district court to provide a defendant written notice of his right to request a sentence review before the Sentence Review Division panel, when the state court imposes a custodial sentence of one year or more. Mont. Code Ann. § 46-18-903(1). Montana law provides that a defendant must file his application for sentence review within 60 days from the date he is sentenced. *Id.* The Sentence Review Division possesses the authority, however, to consider and grant a late request for sentence review upon a showing of good cause by the defendant. Mont. Code Ann. § 46-18-903(3).

Stevens's habeas claim based upon a failure to receive sentence review paperwork fails because Stevens has failed to exhaust his state court remedies. Stevens has made no showing that he has attempted to contact the state court or the Sentence Review Division to obtain the sentence review paperwork he seeks. (Doc. 1 at 5-6).

Accordingly, IT IS ORDERED:

1. The portion of Stevens's Petition alleging a due process violation based upon a delay in his sentencing is DISMISSED with prejudice.

2. The portion of Sevens's Petition alleging a due process violation based upon a failure to receive sentence review paperwork is DISMISSED without prejudice for failure to exhaust state court remedies.

3. A certificate of appealability is DENIED. Stevens has made no substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings in this case.

4. The Clerk is directed to enter judgment accordingly.

DATED this 7th day of February, 2018.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge